IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAC COURTE OREILLES BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN,

                            Plaintiff,                            ORDER

      v.                                              08-cv-659-bbc

KEN SALAZAR, Secretary of the Interior;
GEORGE T. SKIBINE, Acting Deputy Assistant
Secretary of the Interior for Policy and Economic
Development and Acting Assistant Secretary for
Indian Affairs; KEVIN SKENANDORE, Acting
Director, Bureau of Indian Education; and LYNN
LAFFERTY, Education Line Officer, Bureau of
Indian Education,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court is plaintiff's motion to reconsider the magistrate judge's May 27, 2009 order, in which he continued plaintiff's motion for summary judgment until further discovery is completed. Dkt. #47. Because the magistrate judge did not clearly err in delaying summary judgment, the motion for reconsideration will be denied.

      In response to a motion to dismiss filed by defendants, plaintiff moved for summary judgment on February 24, 2009. This court stayed the briefing on plaintiff's motion pending

1

the court's resolution of the motion to dismiss. Dkt. #26. On April 23, 2009, I denied the motion to dismiss and lifted the stay on summary judgment briefing. Dkt. #29. Six days later, defendants moved to continue summary judgment briefing pursuant to Fed. R. Civ. P. 56(f) on the ground that they could not defend the motion for summary judgment without further development of the record. Dkt. #30. On May 27, 2009, the magistrate judge granted defendants' motion, finding that defendants had identified specific proposed findings of fact to which they could not respond without further discovery. Plaintiff disagrees with this finding.

Under Fed. R. Civ. P. 72(a), a district judge may reconsider a pretrial decision rendered by a magistrate judge only if the order is "clearly erroneous or contrary to law." See also 28 U.S.C. 636(b)(1)(A). Plaintiff has failed to make this showing. Discovery orders are inherently close calls, given the inevitable limitations on the judicial officer's opportunity to know first-hand the facts of a particular dispute. I cannot say that it was clearly erroneous for the magistrate judge to find that discovery should occur before the court resolved a summary judgment motion filed so early in the lawsuit.

Plaintiff's primary concern appears to be that defendants will be allowed to conduct unlimited discovery at great cost to the parties, even though the information that defendants allegedly need to oppose summary judgment is limited. Plaintiff is correct that the May 27 order did not specifically limit discovery. However, in such cases, the court expects the parties to develop only those portions of the record that are relevant to the dispute at hand.

If plaintiff believes that it needs protection, it may file a motion for a protective order pursuant to Rule 26(c)(1). I note that plaintiff filed such an order on June 5, 2009, seeking a stay of all discovery deadlines until I ruled on the motion for reconsideration and a limitation on discovery to only those issues raised in defendants' opposition to summary judgment. Although the magistrate judge granted the stay, he did not rule on plaintiff's request for limited discovery. Now that I am denying plaintiff's motion for reconsideration, plaintiff may wish to renew its request for discovery limitations.

ORDER

IT IS ORDERED THAT plaintiff Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin's motion for reconsideration, dkt. #47, is DENIED.

Entered this 7th day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA CRABB
District Judge