IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAC COURTE OREILLES BAND OF
LAKE SUPERIOR CHIPPEWA INDIANS
OF WISCONSIN,

                                                    ORDER

                   Plaintiff,

                                               08-cv-659-bbc

    v.

KEN SALAZAR, Secretary of the Interior;
GEORGE T. SKIBINE, Acting Deputy Assistant
Secretary of the Interior for Policy and Economic
Development and Acting Assistant Secretary for
Indian Affairs; KEVIN SKENANDORE, Acting
Director, Bureau of Indian Education; and LYNN
LAFFERTY, Education Line Officer, Bureau of
Indian Education,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin commenced this action for declaratory and injunctive relief barring defendants from pursuing a collection action to recover funds relating to the disallowance of costs with respect to the single audit of the Lac Courte Oreilles Ojibwe School for the fiscal year ending June 30, 2005. On February 24, 2009 plaintiff filed a motion for summary judgment suggesting that the matter could be resolved immediately as a matter of law. The briefing on the motion was

1

stayed pending resolution of a motion to dismiss and subsequently continued pursuant to Rule 56(f), when the magistrate judge agreed with defendants that discovery was necessary to allow them to respond to the motion. Plaintiff appealed the magistrate judge's ruling under Rule 56(f) and I affirmed it.

Plaintiff's motion for summary judgment has now been pending for more than six months without any substantive opposition. Given the unanticipated extensions and delays to complete discovery, it appears that the most appropriate course of action is to deny the original motion for summary judgment and give plaintiff an opportunity to advise the court whether it wants to pursue the motion.

ORDER

IT IS ORDERED that plaintiff's motion for summary judgment of February 24, 2009 is DENIED without prejudice pursuant to Rule 56(f). Plaintiff may renew its motion, with or without supplementation based upon intervening discovery, on or before October 6, 2009. All other deadlines shall remain in effect.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge